## K. JACOBS *v.* THE STATE.

JURY LAW. — The Revised Statutes disqualify as a juror "any person who has sat as a petit juror in a former trial of the same case, or of another case involving the same questions of fact." This provision applies in criminal as well as in civil cases.

APPEAL from the County Court of Gregg. Tried below before the Hon. L. G. JACKSON, County Judge.

The trial was for aggravated assault and battery. In empaneling the jury the county attorney objected to such of the jurors as had served in a case previously tried, and which was based on the same affair. The court sustained the objection, and some of the jurors were set aside and talesmen summoned in their stead. The defence reserved a bill of exceptions. The conviction was for a simple assault, and a fine of $5 the punishment assessed.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    Art. 3012 of the Revised Statutes, enumerating the persons disqualified to sit as jurors in particular cases, in subdivision 5 mentions " any person who has sat as a petit juror in a former trial of the same case, or of another case involving the same questions of fact."

In *Dunn* v. *The State*, 7 Texas Ct. App. 600, this article

was construed in connection with art. 636 of the Code of Criminal Procedure, which declares it a ground of disqualification that a juror has "served on a petit jury in a former trial of the same case," and it was held that the two articles were in harmony, and that the former applied in criminal as well as civil trials.

There is no other question in this case requiring special notice, and the judgment, being in all other respects correct, is affirmed.

*Affirmed.*